UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| ELIJAH JAMES VELEZ, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:20-CV-190-JEM |
| | ) | |
| KILOLO KIJAKAZI, Acting Commissioner | ) | |
| of the Social Security Administration, | ) | |
|     Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1], filed *pro se* by Plaintiff Elijah Velez on May 7, 2020, and Plaintiff's Opening Brief [DE 17], filed November 17, 2020. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On December 20, 2020, the Commissioner filed a response, and Plaintiff did not file a reply. For the foregoing reasons, the Court remands the Commissioner's decision.

**I.  Background**

On September 11, 2017, an application was filed on behalf of Plaintiff, then a minor, for benefits. Plaintiff filed a prior application on June 14, 2013, which was denied on September 24, 2013. Plaintiff did not pursue further review at the time. Because his initial denial date in the prior application is more than two years from the date of his current application, the current decision only considers the period beginning the date of his current application. Plaintiff's application was denied initially and upon consideration. On April 11, 2019, Administrative Law Judge ("ALJ") Robert Long held a hearing at which Plaintiff, his mother, his grandmother, and a vocational expert ("VE"), testified. On May 17, 2019, the ALJ issued a decision finding that Plaintiff was not disabled.

1

The ALJ made the following findings under the required three-step analysis:

1. The claimant was in the "Adolescent (age 12 to attainment of age 18)" age group on September 11, 2017, the date the application was filed, and subsequently attained age 18.

2. The claimant did not engage in substantial gainful activity since the date the application was filed.

3. Before attaining age 18, the claimant had the following severe impairments: asthma; obstructive sleep apnea (OSA); obesity; status-post right ankle fracture with fusion; persistent depressive disorder; and specific learning disability.

4. Before attaining age 18, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR 404, Subpart P, Appendix 1, Part A or B (20 CFR 416.920(d), 416.924, 416.925 and 416.926).

5. Before attaining age 18, the claimant did not have an impairment or combination of impairments that functionally equaled the listings (20 CFR 416.924(d) and 416.926(a)).

6. Because the claimant did not have an impairment or combination of impairments that met, medically equaled any listing or functionally equaled the listings, the claimant was not disabled prior to attaining age 18.

7. The claimant has not developed any new impairment or impairments since attaining age 18.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. [DE 9]. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

**II.     Standard of Review**

The Social Security Act authorizes judicial review of the final decision of the agency and

indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence, or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010) (*O'Connor-Spinner I*); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his or her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55

F.3d 300, 307 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner I*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

### III. Analysis

Plaintiff argues that the ALJ erred in two areas: that the ALJ erred in finding Plaintiff did not meet Listings 1.02 and 1.06, and that the ALJ improperly considered his struggles with mobility. The Commissioner argues that the opinion is supported by substantial evidence.

Plaintiff asserts that his impairments met or functionally equaled the listings of 1.02 (Major dysfunction of a joint(s) (due to any cause) and 1.06 (Fracture of the femur, tibia, pelvis, or one or more of the tarsal bones). The Commissioner argues that the ALJ did not err in concluding that the medical evidence did not document listing-level severity.

The ALJ must determine whether the claimant's impairments meet or equal the criteria of an impairment listed in the appendix to the social security regulations. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). An individual suffering from an impairment that meets or is the equivalent of the description of a listing is conclusively presumed disabled, and no further analysis is required. *Bowen v. Yucker*, 482 U.S. 137, 141, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987). Appendix 1 of the disability regulations contains a "Listing of Impairments" that the SSA has predetermined are disabling regardless of a claimant's age, education, or work experience. 20

C.F.R. § 404.1525(a). The listings first enumerate criteria establish that a claimant's diagnosis is based on acceptable medical evidence. 20 C.F.R. § 404.1525(c)(2). The remaining criteria establish the severity the impairment must reach to be considered disabling. 20 C.F.R. § 404.1525(c)(2). Both listing 1.02 and listing 1.06 require that a claimant show he is unable to ambulate effectively. Effective ambulation requires an ability to "sustain[] a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living," and the listinsg provide examples of ineffective ambulation including: "the inability to walk without the use of a walker, two crutches, or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces … [and] the inability to carry out routine ambulatory activities, such as shopping." 20 C.F.R. Pt. 404 Subpt P., App. a, § 1.00(B)(2)(b).

In general, the claimant bears the burden of proving that his condition meets all the criteria of a listing. *Ribaudo v. Barnhart*, 458 F.3d 580, 583 (7th Cir. 2006). However, an ALJ's listing determination "must discuss the listing by name and offer more than perfunctory analysis of the listing." *Barnett*, 381 F.3d at 668 (citing *Brindisi v. Barnhart*, 315 F.3d 783, 786 (7th Cir. 2003); *Scott*, 297 F.3d at 595-96; *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002)). The ALJ did not specifically address listing 1.02 when discussing Plaintiff's impairments. In discussing listing 1.06, the ALJ found that Plaintiff "has not shown an inability to ambulate effectively," as Plaintiff used a cane for balance, but "only had a slight limp, and he admitted that no doctor recommended it." AR 16 The ALJ also noted that Plaintiff "admitted to walking a lot and occasionally running." AR 16.

Plaintiff asserts that he cannot stand for very long and that he needs frequent unscheduled breaks. While participating in physical therapy from November 2016 through November 2017, Plaintiff reported pain and swelling. AR 361, 363, 373. The physical therapist also noted that

Plaintiff was unable to balance on his right leg only, which "is affecting his ability to walk for longer periods of time without use of an [assistive device]." AR 381. In November 2017, Plaintiff had mild tenderness in his right foot with no swelling, but he could bear weight without difficulty and ambulated without difficulty. AR 354. In December 2017, Plaintiff reported pain while weight bearing, and imaging showed degenerative changes consistent with arthritis. AR 361-63. While he improved with therapy, he was only able to walk "about a half mile" without his cane. AR 382. In December 2017, the physical therapist noted that Plaintiff has had "multiple set backs in his care that have limited his progress," despite him giving "great effort." AR 388. The physical therapist also noted that Plaintiff was still limited with his endurance and required verbal and tactile cues for pacing and form. AR 391. The consultative examiner noted that Plaintiff had a slow and antalgic-appearing gait with a slight limp on the right side, and that he had mild difficulties in standing, walking, and getting onto the examination table. AR 444.

The consultative examiner further opined that Plaintiff required a cane for balance and prolonged ambulation, which the ALJ acknowledged. AR 16, 444. The consultative examiner noted that Plaintiff could walk unassisted, but with mild difficulties, and that he exhibited a slight limp. AR 444. The consultative examiner stated that the cane was not prescribed, but he opined that it was necessary all the time. AR 444. Plaintiff also asserted that the cane was suggested by his orthopedist. AR 443. The ALJ found the consultative examiner's opinion to "not be persuasive, as it is not supported by or consistent with the objective evidence." AR 16. The ALJ stated that he relied on Plaintiff's self-reports of "walking a lot and occasionally running," AR 16; however, the records that the ALJ cited do not indicate that Plaintiff walked "a lot" or even ran. Out of the twelve pages of records cited by the ALJ, only one stated that Plaintiff "likes to walk and be outside" when he was asked about his preferred recreational activities. AR 543. The physical therapy notes did not

indicate that Plaintiff could currently walk "a lot," and one of the goals of his physical therapy and orthotic treatment was to "increase endurance and duration of ambulation." AR 545. While not in the twelve pages of record cited by the ALJ, the medical record does show elsewhere that in April 2018, Plaintiff indicated to a nurse practitioner that he "walks a lot and occasionally runs" in order to lose weight, but he noted he cannot run due to his asthma. AR 606. The same visit noted swelling in his right ankle. AR 606. By October 2018, it was noted that he walks "favoring the right leg." AR 622. A single indication that Plaintiff walks a lot does not indicate that he does so easily or without his cane. The ALJ erred in relying on one note indicating Plaintiff walked "a lot" when the medical record also included significant evidence that Plaintiff struggled with mobility. Moreover, the ALJ erred in finding that a single note regarding Plaintiff's enjoyment of walking in April 2018 indicates that Plaintiff was regularly able to walk a lot without difficulty or without his cane throughout the majority of the time covered in medical record. This mischaracterization of the evidence requires remand because the ALJ failed to properly consider all of the evidence in determining whether Plaintiff was able to ambulate effectively.

In addition, the ALJ failed to consider Plaintiff's obesity, particularly in combination with his other severe impairments of asthma, obstructive sleep apnea, and status-post right ankle fracture with fusion. "Although [] impairments may not on their own be disabling, that would only justify discounting their severity, not ignoring them altogether. Moreover, … an ALJ must consider the combined effects of all of the claimant's impairments, even those that would not be considered severe in isolation." *Terry v. Astrue*, 580 F.3d 471, 477 (7th Cir. 2009); *see also Martinez v. Astrue*, 630 F.3d 693, 698 (7th Cir. 2011) ("Even if each problem assessed separately were less serious than the evidence indicates, the combination of them might be disabling."); *Getch v. Astrue*, 539 F.3d 473, 483 (7th Cir. 2008) ("[A]n ALJ is required to consider the aggregate effects of a

claimant's impairments, including impairments that, in isolation, are not severe.") (citing 20 C.F.R. § 404.1523; *Golembiewski v. Barnhart*, 322 F.3d 912, 918 (7th Cir. 2003)). The ALJ is required to specifically "consider the limiting effects of obesity when assessing a person's RFC," analyzing whether "the functional limitations caused by the MDI of obesity, alone or in combination with another impairment(s), may medically equal a listing." SSR 19-2p, 2019 WL 2374244, *3-4 (May 20, 2019); *see also Martinez v. Astrue*, 630 F.3d 693, 698 (7th Cir. 2011) ("Even if each problem assessed separately were less serious than the evidence indicates, the combination of them might be disabling."); *Gentle v. Barnhart*, 430 F.3d 865, 868 (7th Cir. 2005) (finding that, even if obesity is not a severe impairment itself and "merely aggravates a disability caused by something else[,] it still must be considered for its incremental effect on the disability"); *Clifford*, 227 F.3d at 873 (remanding where the ALJ "should have considered the weight issue with the aggregate effect of [claimant's] other impairments").

. The ALJ found that Plaintiff's obesity was a severe impairment, yet the only mention of obesity in the entire decision is a statement that "the claimant's obesity was considered in relation to the musculoskeletal, respiratory, and cardiovascular body systems listings as required by the Ruling. There is no mention of any specific complications related to the claimant's weight." AR 16. The ALJ failed to analyze or explain whether or how Plaintiff's obesity interacted with his other impairments. *See Martinez*, 630 F.3d at 698-99 ("It is one thing to have a bad knee; it is another thing to have a bad knee supporting a body mass index in excess of 40."); *Barrett*, 355 F.3d at 1068 ("Maybe the administrative law judge thought that since he had already ruled that Barrett's obesity was a severe impairment of her ability to work, though not totally disabling in itself, [. . .] conditions caused or aggravated by obesity were irrelevant. That of course would be wrong. The problem is that we don't know what he thought.").

The ALJ did not create a logical bridge from the bare statement that he considered Plaintiff's obesity in combination with other limitations and what specific conclusions he came to regarding the limitations they cause. Simply stating that he "considered" it without any analysis or discussion is not enough. On remand, the ALJ is instructed to fully consider Plaintiff's mobility limitations as they apply to the listings and to properly discuss and analyze how Plaintiff's obesity affects his other impairments.

### VI.  Conclusion

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Opening Brief [DE 17] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 13th day of August, 2021.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:     All counsel of record